IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD LEON GUY, III,

Plaintiff,

v.

LINDY LABS INC., doing business as LINDY AI, and CRIVELLO CORP.,

Defendants.

Case No. 3:26-cv-01645-AB

ORDER

**BAGGIO, District Judge:**

Plaintiff Edward Leon Guy, III brings this case against Defendants Lindy Labs Inc. and Crivello Corp. Am. Compl., ECF No. 6. The Court dismissed Plaintiff's initial complaint for lack of subject matter jurisdiction. Order, ECF No. 5. Plaintiff filed an Amended Complaint asserting federal question jurisdiction in light of pleading claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701. Am. Compl. ¶ 4. Because Plaintiff has minimal income and assets, the Court grants Plaintiff's Application for

Leave to Proceed IFP. ECF No. 2. The Court screens Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915 and finds that Plaintiff fails to state a claim with respect to his two federal claims. The Court accordingly lacks jurisdiction and declines to reach the state law claims. The Court thus denies as moot Plaintiff's Renewed Motion for Temporary Restraining Order ("TRO"). ECF No. 7. The Court grants Plaintiff leave to amend.

**STANDARDS**

The Court may dismiss a complaint filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

//

## DISCUSSION

Plaintiff brings claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2), and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, along with state law claims. *See generally* Am. Compl. The Court will address them in turn.

### I. CFAA

The CFAA provides a private right of action if the plaintiff alleges a violation of the statute and alleges, as one option, damage or loss exceeding $5,000. 18 U.S.C. § 1030(g); *id.* § 1030(c)(4)(A)(i)(I). Indeed, "to bring an action successfully under 18 U.S.C. § 1030(g) based on a violation of 18 U.S.C. § 1030(a)(2), [the plaintiff] must show" the defendant:

> (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).

Here, Plaintiff fails to allege that Defendants accessed anything. Plaintiff alleges that:

> By locking Plaintiff out of his account—thereby intentionally and without authorization blocking Plaintiff's access to his own stored data and work product—Defendant "intentionally access[ed] a protected computer without authorization" and thereby "obtain[ed] information from any protected computer" within the meaning of 18 U.S.C. § 1030(a)(2)(C). Defendant's exercise of control over Plaintiff's stored data by denying Plaintiff access and by temporarily and deceptively restoring then re-revoking access constitutes unauthorized access under the CFAA.

Am. Compl. ¶ 23. Plaintiff's allegation that Defendants *locked* Plaintiff's access is insufficient to state a claim that Defendants *accessed*. As another court wrote in a CFAA analysis, "the gravamen of [the plaintiff's] complaint is that he was prevented from accessing his . . . account, not that others wrongfully accessed it in his place . . . and there are no allegations in the Amended Complaint that any defendant accessed, damaged, or conspired to access or damage

[the plaintiff's] account." *Wade v. Tri-Wire Eng'g Sols., Inc.*, No. 20-10523-LTS, 2021 WL 847989, at *3 (D. Mass. Mar. 5, 2021). Plaintiff's allegation that Defendants "exercise[d] control" over the account "by denying Plaintiff access" does not translate to Defendants accessing the account.

## II. SCA

There is a private right of action under the SCA. 18 U.S.C. § 2707(a). Plaintiff pleads a violation of § 2701(a), which provides that liability attaches to whoever:

> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
> (2) intentionally exceeds an authorization to access that facility;
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system[.]

*Id.* § 2701(a). The statute defines "electronic communication service," as "any service which provides to users thereof the ability to send or receive wire or electronic communications." *Id.* § 2510(15) (incorporated by reference in § 2711(1)).

Plaintiff fails to state a claim as to how the Defendants' artificial intelligence platform is an electronic communication service. Plaintiff alleges that "Plaintiff's stored data, legal work product, AI agent configurations, and workflows constitute 'wire or electronic communications' . . . within the meaning of 18 U.S.C. § 2701(a)." Am. Compl. ¶ 28. The Court disagrees. Defendant's platform is not a service on which users "send or receive wire or electronic communications." 18 U.S.C. § 2510(15). A recent case out of the Northern District of California is instructive. *See Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025). In *Shah*, the plaintiff brought suit against a credit card company. *Id.* at 1040. The court found the defendant company "is not an electronic communication service because its website does not allow customers to send and receive messages to third parties." *Id.* at 1055. *Shah*

compared its holding to two other cases. *Id.* (citing *In re Betterhelp, Inc.*, No. 23-cv-01033-RS, 2024 WL 4504527, at *2 (N.D. Cal. Oct. 15, 2024); *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1270 (N.D. Cal. 2001)). In *Betterhelp*, the defendant was an electronic communication service because "customers communicate with their therapists through the conduit of [the defendant's] websites." 2024 WL 4504527, at *2. In contrast, *Crowley* found the defendant was not an electronic communication service simply because it received electronic communications from customers on its platform. 166 F. Supp. 2d at 1270. Plaintiff does not allege how Defendants' platform allows or facilitates communications to third parties, and thus Plaintiff fails to allege how Defendants' platform is an electronic communication service.

As an alternative to Defendants' platform constituting an electronic communication service, Plaintiff alleges the platform is a "remote computing service," Am. Compl. ¶ 27, as defined as "the provision to the public of computer storage or processing services by means of an electronic communications system[.]" 18 U.S.C. § 2711(2). However, a remote computing service is not relevant to a claim under § 2701; this section does not contemplate "remote computing service" entities. Rather, a remote computing service is relevant to a claim under § 2702 about divulgence of customer communications. *See id.* § 2702(a)(2) (providing that "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service . . . ."); § 2702(a)(3) (providing that "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any governmental entity"). Plaintiff is not alleging that Defendants divulged content or records. In sum, Plaintiff's

reference to "remote computing service" is not relevant to a claim under § 2701 and is not well-taken where Plaintiff does not allege that Defendants divulged communications under § 2702.

**III. Remaining claims**

Plaintiff brings state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, conversion, and unfair competition. Am. Compl. ¶¶ 31–49. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Here, having found Plaintiff has not stated a claim on either of his federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims and thus does not reach them in this § 1915 screening.

**IV. IFP**

The Court previously deferred ruling on Plaintiff's IFP application because it lacked subject matter jurisdiction. Order 4. While the Court remains without subject matter jurisdiction, because Plaintiff has raised federal claims on which the Court grants Plaintiff leave to amend, the Court reaches the IFP application and grants the same.

//

//

//

//

//

//

//

//

**CONCLUSION**

The Court GRANTS Plaintiff's Application to Proceed IFP [2]. However, because Plaintiff fails to state a claim with respect to his two pleaded federal claims, the Court DISMISSES Plaintiff's Amended Complaint [6] with leave to amend. The Court accordingly DENIES as moot Plaintiff's Motion for TRO [7]. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

DATED this 26th day of August, 2026.

AMY M. BAGGIO
United States District Judge