IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD LEON GUY, III,

Plaintiff,

v.

LINDY LABS INC., doing business as LINDY AI, and CRIVELLO CORP.,

Defendants.

Case No. 3:26-cv-01645-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Edward Leon Guy, III brings this case against Defendants Lindy Labs Inc. and Crivello Corp. Second Am. Compl. (SAC), ECF No. 12. The Court dismissed Plaintiff's initial Complaint for lack of subject matter jurisdiction. Order, ECF No. 5. Plaintiff filed an Amended Complaint ("First Amended Complaint") asserting federal question jurisdiction in light of pleading claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701. Am. Compl. (FAC) ¶ 4, ECF No. 6. The Court granted

Plaintiff IFP status but dismissed Plaintiff's First Amended Complaint for lack of jurisdiction because Plaintiff failed to assert a claim under either federal statute. Order, ECF No. 8. The Court granted Plaintiff leave to amend. *Id.* at 7. Plaintiff filed a Second Amended Complaint again asserting federal question jurisdiction through claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701. SAC ¶ 7. The Court screens Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915 and finds that Plaintiff fails to state a claim with respect to his two federal claims. The Court accordingly lacks jurisdiction and declines to reach the state law claims. The Court thus denies as moot Plaintiff's Motion for Temporary Restraining Order, ECF No. 13.

## STANDARDS

A court may dismiss a complaint filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe self-represented filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A self-represented complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint

unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

Federal Rule of Civil Procedure 12(h)(3) provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Plaintiff has not cured the deficiencies identified in the Court's previous Order. *See generally* Order, ECF No. 8. The Court recognizes that "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati*, 791 F.3d at 1039 (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). That said, "[a] district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir.1996)). Plaintiff's Second Amended Complaint alleges far fewer facts and contains significantly less detail than the First Amended Complaint. The Court finds it clear that further amendment is futile.

Plaintiff's Second Amended Complaint again brings claims under the Stored Communications Act (SCA), 18 U.S.C. § 2701, and the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, along with state law claims. *See* SAC ¶ 1. The Court will address Plaintiff's federal claims in turn.

**I. SCA**

Plaintiff does not state under which SCA provision he brings his claim. SAC ¶¶ 1, 21. There is a private right of action under the SCA. 18 U.S.C. § 2707(a). Plaintiff asserts "[t]he

SCA prohibits unauthorized access to stored electronic communications. Defendants' actions constitute unauthorized disclosures of Plaintiff's sensitive information." SAC ¶ 21. Even liberally construing Plaintiff's pleading pursuant to *Gonzalez-Castillo*, Plaintiff fails to state a claim.

Plaintiff's First Amended Complaint brought a claim under 18 U.S.C. § 2701, alleging Defendants' platform constituted an "electronic communication service" or "remote computing service" under the statute. FAC ¶¶ 27–28. The Court dismissed this claim and identified several deficiencies. Order 5–6, ECF No. 8. Specifically, "Plaintiff [did] not allege how Defendants' platform allow[ed] or facilitate[d] communications to third parties, and thus Plaintiff fail[ed] to allege how Defendants' platform [wa]s an electronic communication service" subject to § 2701. *Id.* at 5. Plaintiff's Second Amended Complaint fails to cure this deficiency.

The Court's previous Order addressed Plaintiff's alternative theory but found that whether Defendants' platform was a "remote computing service" was irrelevant to Plaintiff's asserted claim under § 2701. *See* Order 5, ECF No. 8. "Rather, a remote computing service is relevant to a claim under § 2702." *Id.* Section 2702(a)(2) provides that

> a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service—
>
> (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>
> (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

18 U.S.C. § 2702(a)(2). Plaintiff did not allege in his First Amended Complaint that Defendants divulged content or records. FAC ¶¶ 26–29. Plaintiff's Second Amended Complaint does allege "Defendants' actions constitute unauthorized disclosures of Plaintiff's sensitive information."

SAC ¶ 21. Plaintiff also alleges that Defendants' platform put Plaintiff's documents on Google Docs and Canvas without Plaintiff's permission. SAC ¶¶ 14–16. However, Plaintiff does not identify how these actions fall within the prohibitions outlined in § 2702(a)(2). Nor does Plaintiff point to any provision of the SCA that does prohibit these actions.

## II. CFAA

The CFAA provides a private right of action if the plaintiff alleges a violation of the statute and alleges, as one option, damage or loss exceeding $5,000. 18 U.S.C. § 1030(f); *id.* § 1030(c)(4)(A)(i)(I). Indeed, "to bring an action successfully under 18 U.S.C. § 1030(g) based on a violation of 18 U.S.C. § 1030(a)(2), [the plaintiff] must show" the defendant:

> (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).

Plaintiff's Second Amended Complaint does not specify under which CFAA provision he brings his claim. Plaintiff's First Amended Complaint brought a claim under 18 U.S.C. § 1030(a)(2)(C), FAC ¶ 2, which prohibits "intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] . . . information from any protected computer," 18 U.S.C. § 1030(a)(2)(C). The Court found Plaintiff failed to state a claim because "allegation[s] that Defendants *locked* Plaintiff's access [were] insufficient to state a claim that Defendants *accessed*." Order 3, ECF No. 8.

Even liberally construing Plaintiff's Second Amended Complaint as reasserting this claim, the Court again finds Plaintiff has failed to state a claim under CFAA. Plaintiff alleges that "Defendants' failure to comply with explicit instructions and their actions that effectively barred Plaintiff from accessing his own documents constitute a violation of the CFAA." SAC

¶ 24. This lone assertion has the same deficiencies as before. An allegation that Defendants prevented Plaintiff from accessing his account is "insufficient to state a claim that Defendants *accessed*" anything. Order 3, ECF No. 8.

Nor do the alleged facts support a claim that Defendants "exceed[ed] authorized access." 18 U.S.C. § 1030(a)(2)(C). The Ninth Circuit understands the CFAA to "target[] the unauthorized procurement or alteration of information, not its misuse or misappropriation." *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (quoting *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 965 (D. Ariz. 2008)). In *Nosal*, the Ninth Circuit did not find the CFAA was violated where the individuals "had permission to access the company database and obtain the information contained within" even though their actions violated a company policy forbidding the disclosure of such information. *Id.* Thus, "'exceeds authorized access' in the CFAA is limited to violations of restrictions on *access* to information, and not restrictions on its *use*." *Id.* Plaintiff alleges Defendants' platform "unilaterally decided to store documents in Google docs" and "put them on [Plaintiff's] school's canvas platform" despite Plaintiff "specifically ask[ing] it not to." SAC ¶¶ 14–16. But Plaintiff does not allege how this constitutes an "unauthorized procurement or alteration" of Plaintiff's information, rather than its mere "misuse." *Nosal*, 676 F.3d at 863. Plaintiff's allegations do not support a claim under the CFAA.

## III. Remaining claims

Plaintiff brings state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, conversion, and unfair competition. SAC ¶¶ 26–41. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Here, having found Plaintiff has not stated a claim on either of

his federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims and thus does not reach them in this § 1915 screening.

**CONCLUSION**

The Court DISMISSES Plaintiff's Second Amended Complaint [12] without prejudice but without leave to amend. The Court accordingly DENIES as moot Plaintiff's Motion for Temporary Restraining Order [13].

IT IS SO ORDERED.

DATED this 23rd day of September, 2026.

AMY M. BAGGIO
United States District Judge